SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. CALLIE MAUD PREWITT AND F. M. PREWITT, HER HUSBAND, *Defendants in Error*

Opinion Filed March 26, 1921.

In an action for damages where liability appears but the amount of damages awarded is clearly excessive, the court may permit an appropriate remittitur as an alternative for a new trial.

A Writ of Error to the Circuit Court for Alachua County; E. G. Baxter, Referee.

Judgment affirmed if remittitur is entered.

*Hampton & Hampton,* for Plaintiff in Error;

*W. S. Broome,* for Defendants in Error.

PER CURIAM.—In an action to recover damages for personal injuries received while traveling as a passenger, it is alleged "that the defendant was guilty of carelessness and negligence in the premises in this, to-wit; that it caused said train to be brought to a sudden stop, thereby causing a severe jar and impact, and that by reason of said carelessness and negligence of the defendant in so stopping said train as aforesaid, the said plantiff's head was thrown backwards over the top of the seat with great force and violence, as aforesaid, whereby the said plaintiff was painfully, seriously and permanently injured in her head, neck, limbs, back and throughout her body, and by reason of such hurting, wounding and injuring, said plaintiff, Callie Maud Prewitt, then and there became sick and disordered, and has suffered great pain and anguish, and has so suffered for a long time, to-wit: from then to this time, and the said plaintiff was thereby permanently injured, and will continue permanently to suffer pain and anguish; and the said plaintiff, Callie Maud Prewitt, was then and thereby during that time and still is rendered incapable of performing her duties, and services by her to be done and performed, and the plaintiff, F. M. Prewitt, was at the time of said hurting, wounding and bruising, and has ever since been and still is the husband of the said Callie Maud Prewitt, and was then and thereby and has since been deprived of the services, companionship, and wifely attention, society and aid of and consortment with said plaintiff, Callie Maud Prewitt, and that said plaintiff, F. M. Prewitt, will likely be deprived of such services, companionship, attention, society and consortment for a long time; and plaintiffs were obliged to and did necessarily lay out divers

sums of money in and about endeavoring to have the plaintiff, Callie Maud Prewitt, cured of her injuries, wounds and disorders, as aforesaid.

The case, on a plea of not guilty, was tried before a referee, who rendered judgment for the plaintiff in the sum of $3,000.00. A new trial was denied. Defendant excepted and took writ of error.

A careful consideration of the evidence leads to the conclusion that while a cause of action for compensatory damages is shown, the amount of the judgment is excessive; it is, therefore, adjudged that if the plaintiffs below enter a remittitur of two thousand dollars, the judgment will stand affirmed for the remainder, otherwise the judgment will stand reversed thirty days after the mandate is filed in the trial court. See Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.